Gregg S. Garfinkel, Esq. (SBN 156632)
NEMECEK & COLE
15260 Ventura Boulevard
Suite 920
Sherman Oaks, CA 91403
Tel: (818) 788-9500
Fax: (818) 501-0328

Attorneys for Plaintiff,
LANDSTAR RANGER, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDSTAR RANGER, INC. <br><br> Plaintiff, <br><br> vs. <br><br> PARTH ENTERPRISES, INC., USA LOGISTICS, LLC, and Does 1 to 20, inclusive, <br><br> Defendants. | CASE NO. CV09-01426 CT <br><br> [*Complaint filed: February 27, 2009*] <br><br> [*Assigned for all Purposes to the Honorable Margaret M. Morrow*] <br><br> **APPLICATION FOR DEFAULT JUDGMENT BY COURT UNDER FEDERAL RULE OF CIVIL PROCEDURE 55(B))(2); DECLARATION OF GREGG S. GARFINKEL IN SUPPORT THEREOF** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on November 9, 2009 at 10:00 a.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located at 312 N. Spring Street, #G-8, Los Angeles, California 90012, Plaintiff LANDSTAR RANGER, INC. ("Landstar") will present its application for a default judgment against Defendants PARTH ENTERPRISES, INC. ("Defendant"), under *Federal Rule of Civil Procedure* 55(b)(2). The Clerk has previously entered Defendant's default on August 20, 2009.

At the time and place of the hearing, Landstar will present proof of the following matters:

1. Defendant was served with the summons and complaint by personal service on July 20, 2009.

1

2. Defendant has not appeared in this action.

3. Defendant is not an infant or incompetent person, or in military service, or otherwise exempted under the Soldier's and Sailors' Civil Relief Act of 1940.

4. Pursuant to Federal Rules of Civil Procedure, Rule 55(b)(2), notice of this Application and the amount requested was not required to be served on Defendant, since Defendant did not appear in this matter.

5. Landstar is entitled to judgment against Defendant on account of the claim pleaded in the Complaint, specifically $ 243,817.34 in unpaid transportation charges and prejudgment interest.

7. Landstar's costs are to be determined after default judgment is processed.

This Application is based on this Notice, the attached declaration of Gregg S. Garfinkel, and the pleadings, files and other matters that may be presented at the hearing.

DATED: August 27, 2009

NEMECEK & COLE

GREGG S. GARFINKEL
Attorneys for Plaintiff,
LANDSTAR RANGER, INC.

## DECLARATION OF GREGG S. GARFINKEL

I, Gregg S. Garfinkel, declare:

1. I am an attorney at law duly licensed to practice before all of the courts of the State of California. I am a partner with the law firm of Nemecek & Cole, A Professional Corporation, and am the primary handling attorney on this file on behalf of Plaintiff LANDSTAR RANGER, INC. ("Landstar"). As such, I have personal knowledge of the matters set forth below and would competently testify thereto if called upon to do so.

2. This declaration is being offered in support of Landstar's Application for Default Judgment by Court against Defendant PARTH ENTERPRISES, INC ("Defendant").

3. Landstar served the Complaint on Defendant by personal service on California Secretary of State (as previously authorized by this Court) on July 20, 2009.

4. Defendant is not an infant, incompetent person, or person in military service or otherwise exempted from default judgment under the Soldiers' and Sailors' Civil Relief Act of 1940.

5. Defendant has not appeared in this action and has not responded to the Complaint within the time permitted by law.

6. A clerk's default was entered on August 20, 2009, and Notice of Default was served by the Clerk the very same day.

7. This action involves a claim for damages by Landstar against Defendant under a series of written contracts, namely, interstate transportation Bills of Lading. A compendium of the Bills of Lading at issue, along with true and correct copies of Landstar's Bills of Lading, are attached hereto, collectively, as Exhibit "A".

8. The total transportation charges currently due and owing are $243,817.34

9. The balance was due as of December 4, 2008. Thus, prejudgment interest should accrue from that date on pursuant to California Civil Code section 3289.

10. As part of the prosecution of this matter, Landstar incurred costs in filing fees and process server fees. Landstar will file a bill of costs after the default judgment is processed.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this 27th day of August, 2009, at Sherman Oaks, California.

_____
GREGG S. GARFINKEL

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 15260 Ventura Blvd., Suite 920, Sherman Oaks, CA 91403.

On August 29, 2009, I served the document described as **APPLICATION FOR DEFAULT JUDGMENT BY COURT UNDER *FEDERAL RULE OF CIVIL PROCEDURE* 55(B))(2); DECLARATION OF GREGG S. GARFINKEL IN SUPPORT THEREOF** upon the interested parties in this action in sealed envelopes addressed as follows:

Parth Enterprises, Inc.
c/o Donna Rodriguez
Registered Agent for Service of Process
1500 11th Street
Third Floor, #390
Sacramento, CA 95814

__X__ **(By Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in affidavit.

___ **(By Overnight Delivery)** I deposited this document in the box or other facility located at 15260 Ventura Blvd., Suite 920, Sherman Oaks, CA 91403 regularly maintained by Federal Express, in an envelope designated by Federal Express with delivery fees paid or provided for, addressed to the persons on whom it is to be served, for guaranteed next day delivery.

___ **(By Facsimile Transmission)** I caused the foregoing document to be served by facsimile transmission to each of the interested parties at the facsimile machine telecopy number shown above.

___ **(By Personal Service)** I caused the delivery of such envelope by hand to the offices of the addressee.

Executed on August 29, 2009, at Sherman Oaks, California.

__X__ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
___ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*[signature]*
MICHELLE SHAPIRO

-1-

810040D.4